MINUTE ENTRY
KNOWLES, M.J.
NOVEMBER 5, 2008

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GWENDOLYN WILLIAMS | CIVIL CASE |
| VERSUS | NO. 07-4796 |
| STATE FARM FIRE AND CAS. INS. CO. | SECTION "N" (3) |

On this date, Plaintiff's Motions to Compel, to Strike and for Contempt [###'s 34, 61 and 84] came on for expedited hearing before the undersigned Magistrate Judge, with counsel for both parties present and participating. Pursuant to the hearing the Court took Plaintiff's Motion to Strike # 61 under advisement. Plaintiff's Motions to Compel and for Contempt were DENIED for the following reasons.

Williams's motion to compel targeted State Farm's denial of two Requests for Admission (Nos. 3 and 6), arguing that their denial contradicts State Farm's responses to other written discovery responses. More particularly, in response to Request for Admission No. 3, State Farm denied that *it assigned* a value to plaintiff's home in the amount of $89,900.00 as reflected in the dwelling coverage limits of $89,900.00. Additionally, Request for Admission No. 6, which essentially seeks an admission that Louisiana's "value policy" law applies to the subject policy, was also denied as written.

State Farm explained that it denied the aforesaid requests *as written*. It further highlighted that its denial of Request No. 3 referred to the fact that *State Farm* did not *assign a value to the home* at issue. It further explained dwelling coverage limits and home value are not necessarily the same. In any event, State Farm emphasized that plaintiff purchased a policy

MJSTAR(00:18)

*subject to all applicable coverages and exclusions*.

As to whether L.R.S. 22:695 applies to the plaintiff's claims, State Farm explained that no clarification is needed. State Farm referred plaintiff to its presently a motion for summary judgment on that issue. Therein, State Farm seeks a dispositive ruling thatL.R.S. 22:695 does not apply as a matter of law, because plaintiff's loss was not caused by a covered peril. State Farm made its unwavering position clear at the commencement of these proceedings.

State Farm's position is well-taken; supplementation and/or clarification is not necessary. Accordingly, plaintiff's Motion to Compel was denied.

Plaintiff's Motion for Contempt is also without merit. Per this Court's order, State Farm has made every effort to secure adjuster Nicholas Getziger's cooperation and attendance at a deposition in New Orleans. State Farm was successful in its efforts to make Ms. Crowell available for a deposition sufficiently in advance of trial. Defendant's failure to secure the cooperation of Mr. Getziger despite its best efforts does not amount to contempt of this Court's order. Indeed, it is in State Farm's interest to make Mr. Getziger available for deposition. If that adjuster is not made available for a deposition sufficiently in advance of trial, he may not be permitted to testify at the trial. Such an eventuality will likely inure to the detriment of the State Farm.

Accordingly and pursuant to the hearing, the undersigned Magistrate Judge issued the following orders, to wit:

**IT IS ORDERED** that Plaintiff's Motion to Compel # 34 and Plaintiff's Motion for Contempt #84 are DENIED. Plaintiff's Motion to Strike #61 is taken under submission.

_____
DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE