UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GWENDOLYN WILLIAMS | CIVIL ACTION |
| VERSUS | NO. 07-4796 |
| STATE FARM FIRE AND CASUALTY COMPANY | SECTION "N" (3) |

**ORDER AND REASONS**

Presently before the Court is "Defendant's Motion for Partial Summary Judgment on Flood Offset" (Rec. Doc. No. 47). With this motion, Defendant seeks to limit the damages recoverable by Plaintiff based on payments previously received by her under the National Flood Insurance Program ("NFIP"). **IT IS ORDERED** that, to the extent stated herein, the motion is **GRANTED**. Relative to a flood policy offset, Plaintiff's potential recovery in this action is limited to "any previously uncompensated losses that are covered by [her] homeowner's insurance and which when combined with [her] flood proceeds do not exceed the value of [her] property." *See Ragas v. State Farm Fire and Cas. Co.*, 2008 WL 425536, *6 (E.D. La. 2/11/08) (Engelhardt, J.) (quoting *Esposito v. Allstate Ins. Co.*, Civ. Action No. 06-1837, 2007 WL 1125761, *2 (E.D. La. 4/16/07) (Zainey, J)(internal emphasis omitted)). In other words, she cannot obtain a double recovery by now re-characterizing losses as wind damage for which she has already received flood insurance proceeds. *Id.* Nor does Louisiana's Valued Policy Law, La. R.S. 22:695, authorize a double recovery on the same loss. *See e.g., Gaffney v. State Farm Fire and Cas. Co.*, Civ. Action No. 06-8143, 2008 WL 941717, *4 (E.D. La. 10/21/08) (Vance, J.). Rather, when applicable, it addresses only the appropriate valuation of a total loss that is caused by a covered peril. *Id.*

Finally, regarding to the parties' respective burdens of proof relative to segregable damages, the Court, in the absence of contrary precedent from the Fifth Circuit regarding Louisiana insurance law, follows the decisions in *Hyatt v. State Farm Ins. Co.,* Civ. Action No. 06-8792, 2008 WL 544182, *2 (E.D. La. 2/25/08) (Vance, J.); *Broussard v. State Farm Ins. Co.,* Civ. Action No. 06-8084, 2007 WL 2264535, *3 (E.D. La. 8/02/07) (Vance, J.); *Wellmeyer v. Allstate Ins. Co.*, Civ. Action No. 06-1585, 2007 WL 1235042, *3 (E.D. La. 4/26/07)(Feldman, J). As stated in *Hyatt*, "once [the insurer] present[s] evidence that plaintiffs' losses were caused by an excluded peril, the burden shifts back to plaintiffs to show either that their losses do not fall within the exclusion or, alternatively, to segregate the amount of their covered losses from excluded losses." 2008 WL 544182 at *2.

Having reviewed the parties' submissions relative to Defendant's motion, as well as the other presently pending motions, the Court is concerned that very little productive communication between the parties, through their attorneys, has occurred in this matter. Circumstances such as these generally result in the undue consumption of judicial *and* party resources. Accordingly, the Court expects that counsel and the parties will carefully and promptly factor this ruling, as well as the information obtained from Mr. Getzinger's deposition, into their litigation and settlement positions.

New Orleans, Louisiana, this 18th day of November 2008.

_____
**KURT D. ENGELHARDT**
**United States District Judge**

Clerk to Copy:
Magistrate Judge Daniel E. Knowles, III