UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GWENDOLYN WILLIAMS | CIVIL ACTION |
| VERSUS | NO. 07-4796 |
| STATE FARM FIRE AND CASUALTY COMPANY | SECTION "N" (3) |

### ORDER AND REASONS

Presently before the Court is Defendant's "Motion for Partial Summary Judgment on Coverage 'B'" (Rec. Doc. No. 46). With this motion, Defendant seeks dismissal of Plaintiff's claim for payment of additional proceeds under her homeowner's insurance contents coverage, which the parties refer to as "Coverage B." For the reasons stated herein, **IT IS ORDERED** that the motion is **GRANTED**.

### I. Legal Authorities

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.,* 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S. Ct. 2553; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed.2d 538 (1986); *Auguster v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed.2d 695 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to

summary judgment. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert. denied,* 513 U.S. 871, 115 S. Ct. 195 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little,* 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

As the Court explained in addressing Defendant's "flood offset" motion, Plaintiff's potential recovery in this action is limited to "any previously uncompensated losses that are covered by [her] homeowner's insurance and which when combined with [her] flood proceeds do not exceed the value of [her] property." *See Ragas v. State Farm Fire and Cas. Co.*, 2008 WL 425536, *6 (E.D. La. 2/11/08) (Engelhardt, J.) (quoting *Esposito v. Allstate Ins. Co.*, Civ. Action No. 06-1837, 2007 WL 1125761, *2 (E.D. La. 4/16/07) (Zainey, J)(internal emphasis omitted)). In other words, she cannot obtain a double recovery by now re-characterizing losses as wind damage for which she has already received flood insurance proceeds. *Id.* With regard to the parties' respective burdens of proof, the Court, in the absence of contrary precedent from the Fifth Circuit regarding Louisiana insurance law, follows the decisions in *Hyatt v. State Farm Ins. Co.,* Civ. Action No. 06-8792, 2008

WL 544182, *2 (E.D. La. 2/25/08) (Vance, J.); *Broussard v. State Farm Ins. Co.,* Civ. Action No. 06-8084, 2007 WL 2264535, *3 (E.D. La. 8/02/07) (Vance, J.); *Wellmeyer v. Allstate Ins. Co.*, Civ. Action No. 06-1585, 2007 WL 1235042, *3 (E.D. La. 4/26/07)(Feldman, J). As stated in *Hyatt*, with insurance provided on a "named peril" basis:

> Plaintiffs' contents coverage is provided on a "named peril" basis, pursuant to which plaintiffs carry the burden of proving that damage to their contents was caused by a named peril. [] If plaintiffs are able to prove that a covered peril, such as wind, caused the damage to their personal property, then the burden of showing an exclusion under the policy shifts to the insurers. Should defendants meet their burden of proving the losses were cause by an excluded peril, the burden will shift back to plaintiffs once again to prove the amount of segregable damage caused by the covered peril.

2008 WL 544182 at *3 (internal citations omitted).

## II. Analysis

Here, it is undisputed that Plaintiff's home, located in New Orleans East, suffered some flooding. It is also undisputed that Plaintiff received $30,000 under her flood insurance contents coverage and $870 under her homeowner's insurance contents coverage. Despite being presented with Defendant's motion for partial summary judgment, Plaintiff has put forth no evidence establishing that a genuine issue of material exists with respect to contents damage caused by wind that exceeds and is segregable from the damages for which she already has been paid. The fact that Defendant's adjustor reported wind and roof damage to Plaintiff's one-story home, and indicated that additional contents proceeds might be payable, is alone not sufficient to satisfy Plaintiff's burden. Indeed, the Court has not even been provided with Plaintiff's submitted list of damaged contents and estimated values for which she seeks compensation. As explained above, when the nonmoving party

bears the burden of proof at trial with respect to an essential element of a claim, a movant satisfies its summary judgment burden merely by pointing out the absence of sufficient record proof relative to that matter. On the showing made, that principle applies here.

New Orleans, Louisiana, this 18th day of November 2008.

                                       **KURT D. ENGELHARDT**
                                       **United States District Judge**

Clerk to Copy:
Magistrate Judge Daniel E. Knowles, III